# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| ALLIANCE SHIPPERS, INC., | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | CIVIL No. 10-198-P-H |
| | ) | |
| FREDERICK D. STARRETT, III, | ) | |
| JAY Y. McCRUM and GORDON | ) | |
| D. POW, | ) | |
| | ) | |
| DEFENDANTS | ) | |

## DECISION AND ORDER ON MOTION FOR RECONSIDERATION AND

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

The motion to reconsider and vacate the order of October 7, 2010, is

**DENIED**.  The plaintiff has shown no legal error in the ruling.

The motion for leave to amend the complaint to plead malice on the

punitive damages claim is **DENIED**.  The plaintiff has not provided the

proposed amended complaint, which normally should be done, see 6 Charles

Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and

Procedure § 1485 (3d ed. 2010).  Thus, I do not know whether the plaintiff can

allege, consistently with Rule 11, a plausible claim of express or implied malice

in connection with what I have already ruled is a novel claim for state law

conversion against two individual defendants for instructions they allegedly

gave a company.  See Alliance Shippers, Inc. v. Starrett, Case No. 10-198-P-H,

2010 U.S. Dist. LEXIS 107645, at *11-12 (D. Me. Oct. 7, 2010); <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1954 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Nowhere in the motion does the plaintiff suggest that it can make a plausible claim of express malice.[1] Perhaps it is hoping to go forward on an implied malice claim, but I am doubtful whether even that can be stated plausibly in light of the novelty of the conversion claim. In any event, I cannot determine the question in the abstract.

The motion for oral argument is **DENIED**. I already heard oral argument on the original motion, and no further argument would be helpful.[2]

SO ORDERED.

DATED THIS 3RD DAY OF DECEMBER, 2010

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] Indeed, in the original briefing on the motion, the plaintiff argued that on its conversion claim it did not have to prove "that defendant ha[d] an intent to harm the rightful owner, or know that the money belongs to another," Am. Opp. to Mot. To Dismiss Third Count of Compl. at 17 (Docket Item 21), or "prove that defendants were aware that defendant Penobscot had obtained Alliance's money illicitly. To prove defendants' liability for conversion, it is sufficient that defendants exercised unauthorized dominion or control over money that belonged to [the plaintiff]." Id. at 18. If that is all the plaintiff has, it does not make a plausible punitive damages claim.

[2] It is particularly frustrating that the adequacy of the complaint was raised in the original briefing and at oral argument and that the plaintiff's lawyer did not say then that he could cure the issue by amendment. It is a waste of judicial resources to have briefing, oral argument and a written opinion on an issue that can be avoided.